UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **James R. Mickelson,** | **Civil No. 06-4261(JNE/SRN)** |
| **Petitioner,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **Carol Holinka, Warden,** | |
| **Respondent.** | |

James R. Mickelson, pro se

William H. Koch, Esq., Office of the United States Attorney, 300 South 4th Street, Minneapolis, Minnesota 55415, for Respondent

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned matter comes before the undersigned United States Magistrate Judge on Petitioner James R. Mickelson's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and Motion Seeking Relief by Way of § 2241 Habeas Corpus (Doc. No. 2). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the petition and the motion be denied.

**I.      BACKGROUND**

Petitioner is a federal prisoner incarcerated at the Federal Correctional Institution (FCI) in Waseca, Minnesota. He is serving a sentence of 132 months imprisonment, and he has a projected release date of September 5, 2008. (Norenberg Decl. at ¶ 3.)

On October 23, 2006, Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) He claims that the Bureau of Prisons (BOP) categorically denied him an individual character assessment under 18 U.S.C. § 3621(b), and wrongfully evaluated him under the now-defunct regulations embodied in 28 C.F.R. § 570.20 and § 570.21.[1] Petitioner seeks immediate consideration for placement in a residential reentry center (RRC)[2] or home confinement. In conjunction with the petition, Petitioner also filed a motion seeking essentially the same relief, but adding that his family has suffered a number of financial and health-related hardships warranting early consideration for placement in an RRC. (Doc. No. 2.)

Respondent Warden Carol Holinka replies that the BOP changed its policy regarding placement in RRCs after Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006), which invalidated § 570.20 and § 570.21. Respondent states that the BOP now adheres to its pre-2002 guidelines as set forth in Program Statement 7310.04. This policy allows for direct commitment to an RRC and does not limit placement to the lesser of six months or ten percent of a sentence. Under Program Statement 7310.04, the determination of when an inmate is to be transferred to an RRC is based on a number of individualized factors. Id. at 7-8. The policy allows for RRC placement for more than six months, although such cases will be considered "highly unusual," requiring "extraordinary justification." Id. at 8. The BOP now considers prisoner placement in an RRC upon his or her initial placement in confinement and again approximately "11 to 13 months before the inmate's projected release date." Id. at 7.

---

[1] These regulations limited the portion of a prisoner's sentence that may be served in an RRC to six months or the last ten percent of the sentence, whichever is less.

[2] RRCs were previously known as community confinement centers (CCCs).

Respondent urges the Court to deny the petition and motion because Petitioner is merely dissatisfied with the denial of his request for immediate RRC placement, and there is no authority that the BOP must conduct a final RRC eligibility review or immediately transfer a prisoner on demand.

## II. DISCUSSION

Petitioner first challenges the BOP's application of 28 C.F.R. § 570.20 and § 570.21 to his case. This argument is not supported by the record. Simply, the BOP did not analyze Petitioner's request for RRC placement under these regulations. (See Doc. No. 2; Weaver Resp., June 6, 2006; Holinka Resp., July 17, 2006.)

To the extent Petitioner is challenging the validity of Program Statement 7310.04, it is well-established that this policy does not contravene 18 U.S.C. § 3621(b). See, e.g., Griffin v. Morrison, Civ. No. 06-3071 (JNE/FLN), 2007 WL 474960, at *2 (D. Minn. Feb. 8, 2007); Mesner v. Morrison, Civ. No. 06-2118 (ADM/SRN), 2006 WL 3080914, at *2 (D. Minn. Oct. 27, 2006).

In addition, § 3621(b) does not entitle Petitioner to early or immediate placement in an RRC; rather, it "gives the BOP the discretion to transfer prisoners to CCCs at any time during their incarceration." Elwood v. Jeter, 386 F.3d 842, 847 (8th Cir. 2004). Moreover, the BOP's duty to aid prisoners in adjusting and preparing for re-entry into the community "shall not extend beyond the last six months of the prisoner's sentence." Id. Here, Petitioner's projected release date is more than six months away, and thus, the BOP is not currently under a duty to prepare him for re-entry into the community.

Even though Petitioner was not entitled to early consideration for RRC placement, the BOP considered his claim of extraordinary and compelling circumstances. (See Doc. No. 2; Holinka Resp.,

July 17, 2006.)  Petitioner now argues that the BOP erred in this consideration.

Program Statement 7310.04 permits the BOP to transfer an inmate to a RRC for more than six months in "highly unusual" situations when there is "extraordinary justification."  Program Statement 7310.04 at 8.  As noted by the BOP's Regional Director, while Petitioner's "family situation is unfortunate," he has "not demonstrated that it is extraordinary, as many other inmate families endure both financial and health related hardships."  (Norenberg Decl. Ex. B; Nalley Resp., Aug. 23, 2006.)  Petitioner has not shown either that the BOP failed to consider his particular situation, or that the BOP failed to comply with its own rules and regulations in considering his situation.

Finally, Petitioner contends that the BOP violated 18 U.S.C. § 3582(c)(1), which provides that the Director of the BOP may move a court to modify a prisoner's sentence if there are "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A).  The BOP promulgated Program Statement 5050.46 to establish procedures for recommending a modification under § 3582(c)(1)(A).  This policy requires an inmate to submit a specific request to the warden for a § 3582(c)(1)(A) motion.  Program Statement 5050.46 at 2.  Here, although Petitioner referred to his hardships in appealing the denial of his request for RRC placement, he did not formally request compassionate release, cite to § 3582(c)(1)(A), or ask Respondent to file a motion on his behalf.  (Norenberg Decl.; Request for Admin. Remedy, June 7, 2006.)  In short, there was no way for Respondent to know that Petitioner was asking for a motion under § 3582(c)(1)(A).

Furthermore, at least one court in this District has held that a petitioner may not challenge the BOP's decision not to seek compassionate release in a § 2241 petition.  Gutierrez v. Anderson, Civ. No. 06-1714 (JRT/JSM), 2006 WL 3086892, at *2 (D. Minn. Oct. 30, 2006) (citing Morales v.

United States, 353 F. Supp. 2d 204, 205 (D. Mass. 2005)); see also Coryea v. Morrison, Civ. No. 06-2003 (JMR/FLN), 2006 WL 3804335, at *2-3 (D. Minn. Dec. 26, 2006) (finding no jurisdiction to consider a petitioner's request for compassionate release because the BOP did not move for a modification of the sentence).  Thus, this aspect of the petition is not cognizable in this habeas proceeding.

In sum, the petition should be denied.  The BOP did not apply 28 C.F.R. § 570.20 and § 570.21 to Petitioner's request for RRC placement, and Program Statement 7310.04, under which the BOP now operates, is a valid interpretation of § 3621(b).  In addition, the BOP did not neglect its duty to prepare Petitioner for re-entry into the community, nor did it fail to consider Petitioner's claim of extraordinary circumstances for RRC placement.  Finally, the BOP did not violate 18 U.S.C. § 3582(c)(1)(A) in failing to move for a modification of Petitioner's sentence.

Therefore, **IT IS HEREBY RECOMMENDED that:**

1. The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) be **DENIED**; and

2. Petitioner's Motion Seeking Relief by Way of § 2241 Habeas Corpus (Doc. No. 2) be **DENIED**.

Dated:  July 16, 2007

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 31, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.